UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| BRIAN LUBKEMAN ) <br>     Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> COMMERCIAL RECOVERY SYSTEMS, INC., ) <br> JOHN DOES, and JANE DOES ) <br>     Defendants, ) <br> ) | Civil Action No. 4:13-cv-00989 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

           I.        INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Brian Lubkeman, an individual consumer, against Defendants' violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) in that the defendants resides here, and all known defendants are residents of the State in which the district is located. Since Defendants transact business and resides here, personal jurisdiction is established.

## III. PARTIES

4. Plaintiff, Brian Lubkeman (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Franklin County, in the state of Iowa.

5. Defendant, Commercial Recovery Systems, Inc. (hereinafter "CRS") is a collection agency and limited partnership engaged in the business of collecting debt in this state with its principal place of business located in Harris County, in the state of Texas at 8035 E. RL Thornton, Suite 220, Dallas, Texas 75228.

6. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently

unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Defendant <u>Jane Does 1-10</u> (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.  Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9.  At all relevant times, Defendant CRS acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   FACTUAL ALLEGATIONS

10.  Sometime before 2013, Plaintiff, Brian Lubkeman, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff Brian Lubkeman.

12.  The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13.  Defendants then within one year prior to the filing of this complaint, contacted Plaintiff in many attempts to collect on an alleged debt, after Plaintiff already told them to stop calling, and told them that he is not the alleged debtor that they are looking for, without Plaintiff's consent, and without the contact having been for emergency purposes, and thereby both invaded Plaintiff's privacy by intruding upon his seclusion, and violated the FDCPA.  One of the more recent calls to Plaintiff after he already told Defendants not to call took place during the end of November of 2012.

14. As a result of the acts alleged above, Defendants caused Plaintiff to become very upset because of the aggressive manner in which this alleged debt was collected by these Defendants.

15. Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, and upset, amongst other negative emotions.

16. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## V.    CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

17. Plaintiff Brian Lubkeman repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

   (a) Defendants violated *§1692f* of the FDCPA by using unfair or

unconscionable means in connection with the collection of an alleged debt; and

(b) Defendants violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings.

19. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

20. Plaintiff Brian Lubkeman repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

22. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

23. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

24. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully continuing to contact Plaintiff in attempt(s) to try to collect on an alleged debt after having already been given reason to know that Plaintiff was not the alleged debtor that it was seeking, and after having already been told to stop calling Plaintiff, without his consent, and without the contact being for emergency purposes, and thereby invaded Plaintiff's right to privacy.

25. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

26. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

27. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

28. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brian Lubkeman respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; and actual damages from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; in an amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 8, 2013 | RESPECTFULLY SUBMITTED,<br>By: /s/ Kevin Crick<br>Kevin Crick<br>BBO: 680950<br>Consumer Rights Law Firm, PLLC<br>300 Brickstone Square, Suite 902<br>Andover, Massachusetts 01810<br>Phone: (978) 212-3300<br>Fax: (978) 409-1846<br>kevinc@consumerlawfirmcenter.com<br>**Attorney for Plaintiff** |

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Brian Lubkeman demands trial by jury in this action on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.